**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| COQEICMIRTVU DAVIS, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 4:20-cv-03365 |
| REGIONAL ACCEPTANCE CORPORATION, | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

**NOW COMES** COQEICMIRTVU DAVIS ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of Regional Acceptance Corporation ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. Plaintiff brings this action seeking redress for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227, Invasion of Privacy, and violations of the Texas Debt Collection Act ("TDCA") pursuant to Tex. Fin. Code Ann. §392.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the TCPA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. The court has supplemental jurisdiction over the state law claims under 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Texas, a substantial portion the events or omissions giving rise to the

claims occurred within the Southern District of Texas, and Plaintiff resides in the Southern District of Texas.

PARTIES

4.   Plaintiff is a natural person over 18-years-of-age who, at all times relevant is a "person" as defined by 47 U.S.C. §153(39).

5.   Defendant is a domestic corporation with its principal place of business located 1424 East Fire Tower Road, Greenville, North Carolina 27858. Defendant specializes in financing automobile loans for consumer across the country and regularly works with consumers residing in Texas.

6.   Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, vendors, representatives and insurers at all times relevant to the instant action.

FACTS SUPPORTING CAUSES OF ACTION

7.   Around May 2018, Plaintiff received an auto loan from Defendant, which she used to purchase an automobile.

8.   In March 2020, Plaintiff began suffering from financial hardship as a result of the COVID-19 pandemic, and fell behind on the auto loan ("subject debt").

9.   Subsequently, Plaintiff began receiving collection calls from Defendant, to her cellular phone number, (832) XXX-9359.

10. At all times relevant, Plaintiff was the sole subscriber, owner, and operator of the cellular phone ending in 9359. Plaintiff is and has always been financially responsible for the cellular phone and its services.

11. Defendant called Plaintiff from (866) 380-9730, but upon information and belief, Defendant may have used other phone numbers to contact Plaintiff.

12. In early June 2020, Plaintiff answered the phone and spoke with a representative of Defendant. During this call, Plaintiff demanded that all calls to her cellular phone cease.

13. Subsequently, Plaintiff answered numerous collection calls from Defendant and requested that the calls cease.

14. Notwithstanding Plaintiff's requests that Defendant cease placing calls to her cellular phone, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone between June 2020 and the present day.

15. In the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

16. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt. Once a live agent answered, Plaintiff heard noises indicative of a call center in the background of each call.

17. Plaintiff's demands that Defendant's phone calls cease fell on deaf ears and Defendant continued its phone harassment campaign.

18. Instead of ceasing calls to Plaintiff, Defendant continued to harass and abuse Plaintiff by calling several times throughout the week.

## DAMAGES

19. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

20. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, the increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited telephone calls, emotional distress, mental anguish, anxiety, loss of concentration, diminished value and utility of telephone equipment and telephone subscription services, the loss of battery charge, and the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services.

21. In addition, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's telephone number such that Plaintiff was unable to receive other phone calls.

22. Concerned about the violations of her rights and invasion of her privacy, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Defendant repeatedly placed or caused to be placed frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

25. The TCPA defines ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

26. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

27. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

28. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on his cellular phone.

29. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular telephone between June 2020 and the present day, using an ATDS without her consent.

30. Any prior consent, if any, was revoked by Plaintiff's verbal revocation.

31. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

32. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

33. Upon information and belief, Defendant knew its collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

34. Defendant, through its agents, representatives, vendors, subsidiaries, third party contractors and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

35. Pursuant to 47 U.S.C. §227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and

knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff COQEICMIRTVU DAVIS respectfully prays this Honorable Court for the following relief:

a. Declare Defendant's phone calls to Plaintiff to be violations of the TCPA;

b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. § 227(b)(3)(B)&(C); and

c. Awarding Plaintiff costs and reasonable attorney fees;

d. Enjoining Defendant from further contacting Plaintiff; and

e. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – INVASION OF PRIVACY—INTRUSION UPON SECLUSION

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Defendant through its collection conduct, has repeatedly and intentionally invaded Plaintiff's privacy.

38. Defendant's persistent and unwanted autodialed phone calls to her cellular phone eliminated Plaintiff's right to be left alone.

39. All of the calls made to Plaintiff's cellular phone were made in violation of the TCPA, and were unreasonable and highly offensive invasions of Plaintiff's right to privacy.

40. The constant unauthorized prying into Plaintiff's seclusion was highly offensive to Plaintiff and this intrusion would be objectionable to any reasonable person.

41. Defendant's unsolicited phone harassment campaign severely disrupted Plaintiff's privacy, disrupted Plaintiff's sleep, disrupted Plaintiff's workflow and work productivity, disrupted Plaintiff's mealtimes, and continually frustrated and annoyed Plaintiff into submission.

42. These persistent collection calls eliminated the peace and solitude that Plaintiff would have otherwise had in Plaintiff's home, work, and anywhere else Plaintiff went with her cellular phone.

43. By continuing to call Plaintiff's cellular phone, attempting to dragoon Plaintiff into paying the subject debt, Plaintiff had no reasonable escape from these incessant calls.

44. As detailed above, by persistently autodialing Plaintiff's cellular phone without her prior express consent, Defendant invaded Plaintiff's right to privacy, as legally protected by the TCPA, and caused Plaintiff to suffer concrete and particularized harm.

45. Defendant's relentless collection conduct and tactic of repeatedly auto dialing Plaintiff's work and cellular phones after she requested that these calls cease on numerous occasions is highly offensive to a reasonable person.

46. Defendant intentionally and willfully intruded upon Plaintiff's solitude and seclusion.

**WHEREFORE**, COQEICMIRTVU DAVIS, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiff actual damages;

c. Award Plaintiff punitive damages;

d. Award Plaintiff her reasonable attorney's fees & costs;

e. Enjoining Defendant from contacting Plaintiff's cellular phone and work phone; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE TEXAS DEBT COLLECTION ACT

47. Plaintiff restates and realleges paragraphs 1 through 46 as though fully set forth herein.

48. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

49. The alleged subject debt is a "debt" "consumer debt" as defined by Tex. Fin. Code Ann. § 392.001(2) as it is an obligation, or alleged obligation, arising from a transaction for personal, family, or household purposes.

7

50. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) and (7).

**a.  Violations of  TDCA § 391.302**

51. The TDCA, pursuant to Tex. Fin. Code Ann. § 392.302(4), states that "a debt collector may not oppress, harass, or abuse a person by causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number."

52. Defendant violated the TDCA when it continuously called Plaintiff's cellular phone after she informed it to stop calling. This repeated behavior of systematically calling Plaintiff's phone despite her demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would not default on a payment. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her.

53. Furthermore, Defendant relentlessly contacted Plaintiff multiple times on numerous occasions. Placing such voluminous calls in short succession constitutes conduct causing a telephone to ring repeatedly or continuously with the intent to annoy, abuse, and harass Plaintiff into making payment in violation of the TDCA.

54. Upon being told to stop calling, Defendant had ample reason to be aware that it should cease its harassing campaign of collection phone calls. Nevertheless, Defendant consciously chose to continue placing calls to Plaintiff's cellular phone.

**WHEREFORE**, Plaintiff COQEICMIRTVU DAVIS respectfully requests that this Honorable Court:

    a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

    b.  Entitling Plaintiff to injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

    c.  Award Plaintiff actual damages, pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

    d.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying violations;

    e.  Award Plaintiff costs and reasonable attorney fees as provided under Tex. Fin. Code Ann. § 392.403(b) ; and

    f.  Award any other relief as the Honorable Court deems just and proper

**Plaintiff demands trial by jury.**

Dated: September 29, 2020                Respectfully Submitted,

                                    /s/ Alexander J. Taylor
                                    /s/ Marwan R. Daher
                                    /s/ Omar T. Sulaiman
                                    Alexander J. Taylor, Esq.
                                    Marwan R. Daher, Esq.
                                    Omar T. Sulaiman, Esq.
                                    *Counsel for Plaintiff*
                                    Sulaiman Law Group, Ltd
                                    2500 S Highland Ave, Suite 200
                                    Lombard, IL 60148
                                    Telephone: (630) 575-8181
                                    ataylor@sulaimanlaw.com
                                    mdaher@sulaimanlaw.com
                                    osulaiman@sulaimanlaw.com