**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

**COQEICMIRTVU DAVIS,**

      **Plaintiff,**

**v.**                          **Civil Action No.: 4:20-CV-03365**

**REGIONAL ACCEPTANCE**
**CORPORATION,**

      **Defendant.**

**DEFENDANT REGIONAL ACCEPTANCE CORPORATION'S**
**MEMORANDUM IN SUPPORT OF ITS MOTION TO STAY**

      Defendant Regional Acceptance Corporation ("Regional Acceptance"), by and through its attorneys, hereby submits this brief in support of its Motion to Stay this action pending the U.S. Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, a case in which the Supreme Court will decide the definition of an automatic telephone dialing system under the Telephone Consumer Protection Act.

**INTRODUCTION**

      On December 8, 2020, the Supreme Court heard oral argument in *Facebook, Inc. v. Duguid*, No. 19-511, which challenges as statutorily indefensible the Ninth Circuit's definition of "automatic telephone dialing system" ("ATDS") in the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(a)(1). This interpretation of ATDS is responsible for a deep and growing circuit split. *Compare Duran v. La Boom Disco, Inc.*, 955 F.3d 279 (2d Cir. 2020), *and Marks v. Crunch San Diego, LLC*, 904 F.3d 1041 (9th Cir. 2018), *with Gadelhak v. AT&T Servs.,*

*Inc.*, 950 F.3d 458 (7th Cir. 2020), *Glasser v. Hilton Grand Vacations Co.*, 948 F.3d 1301 (11th Cir. 2020), *and Dominguez ex rel. Dominguez v. Yahoo, Inc.*, 894 F.3d 116 (3d Cir. 2018).

The Fifth Circuit has yet to wade into the fray, but the Supreme Court's review of the ATDS definition in *Facebook* will, at minimum, clarify, the law pertaining to TCPA claims across the country, including in the Fifth Circuit.  In her Complaint, Plaintiff specifically claims that Regional Acceptance contacted her with an ATDS, meaning that a stay pending *Facebook*'s outcome is necessary.

## BACKGROUND

### I.      Allegations

Plaintiff Coqeicmirtvu Davis ("Plaintiff") contends that Regional Acceptance violated the TCPA by using an ATDS to contact her on her cell phone after she revoked consent to be called. *See* Compl. at ¶¶ 24-30.  The TCPA defines ATDS as equipment with ""the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."  47 U.S.C. § 227(a)(1).  Without proving that Regional Acceptance used an ATDS to contact her, Plaintiff cannot show that Regional Acceptance violated the TCPA. Plaintiff also alleges that Regional Acceptance violated Texas law in connection with the alleged telephone calls, including violations of invasion of privacy and the Texas Debt Collection Act. *See* Compl. at ¶¶ 37-54.  These claims also implicate the definition of an ATDS, as Plaintiff specifically claims that "autodialed" calls led to violations of Texas state law.  *See* Compl at ¶¶ 44-45.

Regional Acceptance denies that it violated the TCPA or Texas law in its contact with Plaintiff.  Nevertheless, whether Regional Acceptance used an ATDS to call Plaintiff is central to

this action, likely dispositive of Plaintiff's claim under the TCPA, and also implicates Plaintiff's state law claims as well.

**II.**      *Facebook v. Duguid*

The United States Supreme Court is expected to render its decision in *Facebook* on what qualifies as an ATDS under the statute, a decision that will not only be binding on this Court but which cuts to the core of Plaintiff's TCPA claim.  Indeed, should the Supreme Court determine – as the Third, Seventh and Eleventh Circuits have – that the statute means what it says and random or sequential number generation is required, Plaintiff's TCPA claim will fail as a matter of law. Regional Acceptance does not – and has never – called random or sequential numbers.  It calls customers.  To suggest otherwise defies both logic and common sense.  As a result, the Supreme Court's decision in *Facebook* could significantly streamline this Court's resolution of Plaintiff's claims.  The Supreme Court heard on December 8, 2020 and a decision is expected imminently.

## LEGAL STANDARD

The "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."  *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).  Thus, a district court "has broad discretion to stay proceedings as an incident to its power to control its own docket."  *Clinton v. Jones,* 520 U.S. 681, 706 (1997).

In determining whether to grant a stay, courts generally consider three factors that will be affected by the grant or denial of a motion to stay, including:  1) the potential damage that may result from a stay; 2) the hardship or inequity a party may suffer in being required to go forward; and 3) the orderly course of justice, including the simplification of issues, proof, and questions of

law. *Fishman Jackson PLLC v. Israely*, 180 F. Supp. 3d 476, 482 (N.D. Tex. 2016) (citing *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

## ARGUMENT

Each interest weighs in favor of staying this matter pending the Supreme Court's review of the definition of an ATDS in *Facebook*.

**I.     Plaintiff will not suffer any harm if a stay is granted.**

First, a stay will not harm Plaintiff. This case is in its infancy – the Court has not yet held its initial scheduling conference and neither party has issued discovery – which weighs in favor of granting a stay. *See Sparling v. Doyle*, No. 13-cv-00323, 2014 U.S. Dist. LEXIS 200068, at *8 (W.D. Tex. Mar. 3, 2014) (finding minimal prejudice to plaintiff where parties engaged in "little discovery"). Plaintiff will suffer no cognizable harm or inconvenience beyond a brief delay which, standing alone, is insufficient to defeat an otherwise appropriate request for stay. *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-cv-1058, 2015 U.S. Dist. LEXIS 29573, at *7 (E.D. Tex. Mar. 11, 2015) (noting a delay in vindicating rights, absent specific prejudice, is present in every stay "and it is therefore not sufficient, standing alone, to defeat a stay motion"); *cf. Willis v. Big Lots, Inc.*, No. 2:12-cv-604, 2014 U.S. Dist. LEXIS 19672, at *5 (S.D. Ohio Apr. 16, 2014) (noting "[d]elay resulting from . . . [a] mandatory [discovery] stay does not, by itself, constitute undue prejudice."). In stark contrast, proceeding with this litigation while *Facebook* is pending threatens to render Plaintiff's efforts in this case futile should the Supreme Court confirm that an ATDS requires random or sequential number generation.

Moreover, a ruling on the ATDS issue in this case need not be put off indefinitely. *See Hammond v. Floor & Decor Outlets of Am.*, No. 3:19-cv-01099, 2020 U.S. Dist. LEXIS 213686, at *5 (M.D. Tenn. Nov. 16, 2020) (noting "a stay should not be for an 'indefinite duration in the

absence of pressing need.'") (citation omitted*).*  In fact, the stay will almost certainly last no longer than two to three months.  The Supreme Court has already heard oral argument for the *Facebook* case on December 8, 2020 and a decision is expected in April 2021.  As such, Plaintiff will suffer no prejudice if the Court imposes a stay of several months pending the resolution of *Facebook*.

Likewise, a stay will not delay the potential recoupment of any actual damages suffered by Plaintiff, as the TCPA does not provide for actual damages and she seeks only statutory damages on her TCPA claim.  *See* Compl., ¶ 35.  As the court in *Mendoza v. UnitedHealth Group, Inc.* explained, "the benefit to be provided by . . . guidance on potentially dispositive issues in this litigation outweighs the benefit to plaintiff in allowing the action to proceed."  No. C 13-1553 PJH, 2014 U.S. Dist. LEXIS 1616, at 7 (N.D. Cal. Jan. 6, 2014); *see also Monaghan*, 2013 U.S. Dist. LEXIS 89585, at *4-5 (E.D. Mich. June 26, 2013) (finding that a stay of the case would not create an undue hardship on the plaintiffs where the stay would allow for the court to wait for additional guidance); *Trim v. Mayvenn, Inc.*, No. 20-cv-03917, 2020 U.S. Dist. LEXIS 205361 (N.D. Cal. Nov. 3, 2020) (granting stay pending *Facebook* and finding that any concern over the length of the stay, including the "loss of evidence" was "no more than speculation, particularly given the likely short duration of the stay").

**II.      Regional Acceptance will suffer hardship if a stay is not granted.**

In stark contrast, Regional Acceptance will be prejudiced if the Court denies a stay.  If Regional Acceptance is forced to proceed in defending Plaintiff's claims here, its expenditure of significant time and resources may well be wasted upon the Supreme Court's confirmation in *Facebook* that telephony requires random or sequential number generation to qualify as an ATDS – something Regional Acceptance's telephony decidedly does not have.

In addition, both Regional Acceptance and Plaintiff will be harmed – and, more

importantly, the Court will be inconvenienced – if a stay is denied and the parties proceed with discovery and briefing on issues arising under the TCPA, only to be forced to do it all again once the Supreme Court renders its decision in *Facebook*.  *See Jones v. Credit Acceptance Corp.*, No. 15-13165, 2016 U.S. Dist. LEXIS 174152, at *9 (E.D. Mich. Oct. 31, 2016) ("[T]here is no tactical advantage to conducting discovery and preparing for trial when the TCPA standards are uncertain.") (internal citations omitted); *see also Monaghan*, 2013 U.S. Dist. LEXIS 89585, at *4 ("[I]t would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with precedent the Sixth Circuit creates shortly thereafter."); *see also Frantz v. Factor*, No.  20-cv-1012-MMA (KSC), 2020 U.S. Dist. LEXIS 213941, at *12 (S.D. Cal. Nov. 13, 2020) (granting stay pending the decision in *Facebook*, in part, because the decision "may narrow the scope of discovery because it will limit discovery to a single definition of an ATDS.") (citation omitted); *Rose v. Wells Fargo Advisors, LLC*, No. 1:16-cv-562, 2016 U.S. Dist. LEXIS 85287, at *4 (N.D. Ga. June 14, 2016) (noting the defendant "may suffer hardship in conducting discovery and trial preparation in light of the uncertain differences between 'potential' capacity and 'theoretical' capacity under the definition of an ATDS"); *Errington v. Time Warner Cable Inc.*, No. 2:15-cv-02196, 2016 U.S. Dist. LEXIS 66317, at *10 (C.D. Cal. May 18, 2016) (staying case pending the decision in *ACA International* because "defendant may suffer hardship in conducting discovery").

A stay, however, will preserve judicial resources – a point that has increasing importance during the pandemic – and will prevent any unnecessary briefing or premature expenditures of time, attorney's fees, and resources.  *See Monaghan*, 2013 U.S. Dist. LEXIS 89585, at *4.

**III.    A stay will simplify the issues in this case and conserve judicial resources.**

Third, because *Facebook*'s ATDS issue is central to the TCPA claim in this action, the

Supreme Court's decision will prevent "proceeding on motions for summary judgment or to trial with uncertain standards [which] would unnecessarily invite potential prejudicial and reversible error" on the pending TCPA claim.  *See Jones*, 2016 U.S. Dist. LEXIS 174152, at *7-8; *Delozier v. Nationstar Mortg., LLC*, No. 3-16-1433, 2016 U.S. Dist. LEXIS 183823, at *2 (M.D. Tenn. Oct. 27, 2016) (noting a stay pending the D.C. Circuit's decision in *ACA International*, which would "clarify the definition of ATDS," would "promote judicial economy, narrow and/or simplify the issues in the case, and avoid possible litigation costs and hardships.").

Indeed, as a district court within the Eastern District of Louisiana noted, the *Facebook* decision has "significant potential to narrow and refine the issues" in a TCPA case, a result that "promises to benefit the parties and the Court in a multitude of ways."  *Creasy*, 2020 U.S. Dist. LEXIS 17798, at *19-20.  "Against these benefits, there is little conceivable risk to any party."  *Id.* at *20.  Accordingly, a stay of these actions will promote the orderly course of justice and conserve judicial resources.  *Id.*; *see also Cunningham v. Homeside Fin., LLC*, No. MJG-17-2088, 2017 U.S. Dist. LEXIS 197712, at *5 (D. Md. Nov. 30, 2017) (staying TCPA case pending clarification of meaning of ATDS); *Frable v. Synchrony Bank*, 215 F. Supp. 3d 818, 822 (D. Minn. 2016) (awaiting a decision clarifying the meaning of ATDS will "help streamline the legal issues and focus discovery").  Regardless of the Supreme Court's decision, the ruling will guide the Court's decision here, especially given the many considerations at play in addressing a deep circuit split. *See Jones v. Fiorella Ins. Agency*, No. 20-CV-14105-ROSENBERG/MAYNARD, 2020 U.S. Dist. LEXIS 119167, at *5 (S.D. Fla. July 1, 2020) ("[R]egardless of the outcome the ruling will clarify the issues and provide guidance.").  That same reasoning likewise counsels in favor of a stay here.

IV.   **A majority of courts, including district courts within the Fifth Circuit, are staying cases pending the Supreme Court's decision for *Facebook*.**

Finally, since the Supreme Court granted *certiorari* in *Facebook*, the majority of courts considering a stay request in similar cases presenting the same ATDS definitional issue now before this Court have granted them. *See, e.g., Creasy,* 2020 U.S. Dist. LEXIS 177798, at *20; *see also Frantz v. Factor*, No. 20-cv-1012-MMA (KSC), 2020 U.S. Dist. LEXIS 213941, at *12 (S.D. Cal. Nov. 13, 2020) (granting contested motion to stay); *Trim v. Mayvenn, Inc.*, No. 20-cv-03917-MMC, 2020 U.S. Dist. LEXIS 205361, at *15 (N.D. Cal. Nov. 3, 2020) (same); *Palmer v. Kci United States*, No. 4:19CV3084, 2020 U.S. Dist. LEXIS 204718, at *14 (D. Neb. Nov. 3, 2020) (same); *Loftus v. Signpost, Inc.*, No. 19 cv 7984 (JGK), 2020 U.S. Dist. LEXIS 193130, at *2-3 (S.D.N.Y. Oct. 19, 2020) (same); *Aleisa v. Square, Inc.*, No. 20-cv-00806-EMC, 2020 U.S. Dist. LEXIS 188024, at *21 (N.D. Cal. Oct. 9, 2020) (same); *Borden v. eFinancial, LLC*, No. C19-1430JLR, 2020 U.S. Dist. LEXIS 192912, at *8 (W.D. Wash. Oct. 16, 2020) (same); *see also Saunders v. Sunrun, Inc.*, No. 19-cv-04548-HSG, 2020 U.S. Dist. LEXIS 202015, at *4 (N.D. Cal. Oct. 29, 2020) (granting unopposed motion to stay); *Aujuard v. Portfolio Recovery Assocs., LLC*, No. 2:18-cv-01130-TLN-CKD, 2020 U.S. Dist. LEXIS 185462 (E.D. Cal. Oct. 6, 2020) (granting stipulation to stay); *Lamkin v. Portfolio Recovery Assocs., LLC*, No. 19-16947, Dkt. 45 (9th Cir. Aug. 3, 2020) (granting unopposed motion to stay); *Childers v. Portfolio Recovery Assocs., LLC*, No. 20-cv-00034-RFB-DJA(L), Dkt. 18 (D. Nev. July 31, 2020) (granting stipulation to stay); *In re Portfolio Recovery Assocs., LLC Tel. Consumer Prot. Act Litig.*, Case No.: 11-md-02295-JAH-BGS, Dkt. 794 (S.D. Cal. July 27, 2020) (granting unopposed motion to stay); *Blower v. Portfolio Recovery Assocs., LLC*, No. 19-cv-02270-BAS-LL, 2020 U.S. Dist. LEXIS 130505 (S.D. Cal. July 23, 2020) (granting joint motion to stay); *Whatoff-Hall v. Portfolio Recovery Assocs., LLC*, No. 3:19-cv-02267-CAB-MSB, 2020 U.S. Dist. LEXIS 130375 (S.D. Cal. July 23, 2020) (granting

joint motion to stay); *Bailey v. Portfolio Recovery Assocs., LLC*, No. 5:19-cv-07301-BLF, Dkt. 31 (N.D. Cal. July 14, 2020) (granting stipulated request for stay); *Bell v. Portfolio Recovery Assocs., LLC*, No. 5:18-cv-00243-OLG, Text Order (W.D. Tex. July 14, 2020) (granting joint motion to continue stay).

Still other courts recognized the import of the Supreme Court's *potential* resolution of the ATDS issue before the Supreme Court even granted *certiorari* in *Facebook*, with several imposing stays months ago.  *E.g.*, *Neal v. Wal-Mart Stores, Inc.*, No. 3:17-CV-022-KDB-DCK, 2020 U.S. Dist. LEXIS 88203 (W.D.N.C. May 19, 2020) (granting opposed motion to stay pending Supreme Court rulings in *Facebook* and *Barr v. Am. Assoc. of Political Consultants, Inc.* (U.S. No. 19-631)); *see also Bacon v. Artificial Grass Liquidators Location 1, Inc.*, No. 8:18-cv-01220-JLS-ADS, 2019 U.S. Dist. LEXIS 231120, at *12 (C.D. Cal. May 1, 2019) (granting opposed motion to stay pending the Ninth Circuit's determination of *Facebook* and related case *Gallion v. Charter Commc'ns, Inc.*, 772 F. App'x 604 (9th Cir. July 8, 2019)).  The Supreme Court's decision in *Facebook* is almost certain to resolve a central issue of this case: whether Regional Acceptance used an ATDS when it called Plaintiff.  If the Supreme Court opts for the correct, statutory-based definition of ATDS, Plaintiff's TCPA claim will unquestionably fail as a matter of law under a direct application of the language of the statute.  Accordingly, a stay is warranted to prevent unnecessary litigation and to preserve the resources of the Court.

## CONCLUSION

For the reasons stated herein, Regional Acceptance respectfully requests that the Court stay this case pending the Supreme Court's decision in *Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019), *cert. granted*, 207 L. Ed. 2d 1118 (U.S. July 9, 2020) (No. 19-511), and grant any other relief the Court deems necessary.

Dated:    January 6, 2021                    Respectfully submitted,

                                            **REGIONAL ACCEPTANCE CORPORATION**

                                            By:  _/s/ Virginia Bell Flynn_
                                            Virginia Bell Flynn
                                            Texas Bar No. 24101258
                                            TROUTMAN PEPPER HAMILTON SANDERS LLP
                                            301 S College Street, 34th Floor
                                            Charlotte, NC 28202
                                            Telephone: (704) 998-4050
                                            Facsimile: (704) 998-4051
                                            E-mail: virginia.flynn@troutman.com

                                            _Counsel for Regional Acceptance_
                                            _Corporation_